UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DESERA JADE ALLEN,                )
                                  )
            Petitioner,           )
                                  )
v.                                )        Nos. 2:17-CV-221; 2:14-CR-020
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

## MEMORANDUM OPINION

Petitioner Desera Jade Allen has filed a *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. [Doc. 1].[1] The United States has responded in opposition to the motion [doc. 3], and Petitioner has filed both a reply and a motion to amend. [Docs. 14, 16]. The United States has not responded to those later filings, and the matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is without merit and, thus, will deny and dismiss the motion with prejudice. Petitioner's motion to amend will similarly be denied.

---

[1] All docket references are to Case No. 2:17-CV-221 unless otherwise noted.

# I.

## *Background*

### A. <u>From Indictment to Sentencing</u>

Petitioner and five co-defendants were charged in a single-count indictment charging a conspiracy to distribute and possess with the intent to distribute a-PVP, in violation of sections 841(a)(1), 841(b)(1)(C), and 846 of Title 21, United States Code. [Case No. 2:14-CR-020, doc. 3].

In July 2014, Petitioner entered into a plea agreement with the government, pleading guilty to Count One of the indictment as charged. [*Id.*, docs. 80, 81]. Therein, Petitioner acknowledged that she conspired to distribute and possess with the intent to distribute approximately four kilograms of a-PVP. [*Id.*, doc. 80, p. 2]. She specifically admitted numerous actions taken in furtherance of the conspiracy. [*Id.*, p. 2-7]. In her signed plea agreement, Petitioner

> agree[d] not to file a direct appeal of the defendant's conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the district court or above any mandatory minimum sentence deemed applicable by the district court, whichever is greater.

[*Id.*, p. 10]. Additionally, Petitioner

> knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree[d] that the defendant retain[ed] the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

[*Id.*, p. 11].

2

Prior to Petitioner's change of plea hearing, the United States filed a notice of intent to seek increased punishment, pursuant to 21 U.S.C. § 851, due to Petitioner's prior felony drug conviction. [*Id.*, doc. 65]. On July 24, 2014, the Court conducted a change of plea hearing. At that hearing, the Court confirmed that Petitioner understood the charge to which she was pleading guilty (along with the government's summary of her conduct in this case), and that she was pleading guilty because she was in fact guilty. [*Id.*, doc. 217, p. 12]. The Court also confirmed Petitioner's understanding of her plea agreement's waiver of most of her appellate and § 2255 rights. [*Id.*, p. 14].

The probation office subsequently disclosed its Presentence Investigation Report ("PSR") which deemed Petitioner a career offender pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 due to two prior controlled substance convictions. [Case No. 2:14-CR-020, doc. 121]. The Court held Petitioner's sentencing hearing on July 14, 2015, imposing a sentence of 151 months' imprisonment. Petitioner's below-guideline sentence was the product of the United States' motion for downward departure.

B. From Sentencing to Present

This Court's judgment was entered on July 20, 2015. [*Id.*, doc. 199]. Petitioner filed a timely notice of appeal the following day. [*Id.*, doc. 203]. As summarized by the appellate court, Petitioner

> request[ed] that the case be remanded for the district court to make a retroactive determination of her competency to enter a guilty plea. Alternatively, Allen request[ed] remand for resentencing because the district court purportedly failed to adequately "consider and address" her mental health before imposing her sentence.

3

[*Id.*, doc. 238]. The Sixth Circuit found Petitioner's appellate arguments to be without merit, and this Court's judgment and sentence were affirmed on December 19, 2016. [*Id.*]. Petitioner did not seek a writ of certiorari in the Supreme Court. Instead, she submitted her timely *pro se* § 2255 motion to vacate on December 6, 2017.[2]

Petitioner's § 2255 motion asserts four grounds for relief:

1. Petitioner claims the United States violated her "Fifth Amendment right to due process" by charging her with a conspiracy count. According to Petitioner, "[p]ursuant to statute, the movant was not with co-defendant long enough to be charged with a conspiracy."

2. Petitioner claims she received ineffective assistance of counsel when her attorney "failed to raise issues with the indictment charging movant with a conspiracy. Movant's counsel was also ineffective when counsel allowed movant to be sentenced in direct contradiction to the law."[3]

3. Petitioner claims that "[t]he sentencing court committed plain and reversable error when it sentenced movant utilizing the incorrected [sic] advisory sentencing range[.] The court committed plain and reversable error when it sentenced the movant utilizing an inaccurate staring [sic] offense level as well as an inaccurated [sic] recommended advisory incarceration range when it sentenced the movant pursuant to the inaccurate PSR.

---

[2] Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate a sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Here as noted, Petitioner's appeal was denied on December 19, 2016, and she did not seek a writ of certiorari in the Supreme Court although she had ninety days to do so. *See* 28 U.S.C. § 2101(c); Sup. Ct. R 13(1). Thus, according to the Court's calculations, the one-year time limit for filing a § 2255 motion in this case, adding the ninety days for filing a certiorari petition, expired on Tuesday, March 20, 2018. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the ninety-day period for seeking a writ of certiorari expires).

[3] Petitioner identifies CJA Panel Attorney Marsha Arnurius as her counsel of record throughout the criminal prosecution in this Court. [Doc. 1, numbered p. 11]. However, Ms. Arnurius never represented Petitioner in this case. Petitioner was instead represented by Panel Attorneys John Thadieu Harris, III (from initial appearance until four months after the change of plea hearing), and Wayne Stambaugh (from Mr. Harris's withdrawal until the filing of the notice of appeal).

4

4. Petitioner claims that the Court violated her 14th Amendment rights when it "sentenced movant with information not found by a jury. Movant was sentenced to [sic] information given to probation officer by prosecution. Pursuant to statute, in order for movant to have been sentenced to [sic] the information that was contained in PSR, there must be more than hearsay. Current precedent does not allow the sentencing court to sentence movant in the manner in which movant has been sentenced. Supreme Court precedent and the constitution states that any information that increases a defendant's sentence must be found by a jury and not the judge; thus violating movant's 14th Amendment right to the Constitution.

[Doc. 1, numbered p. 5-9]. Petitioner concludes that she should be resentenced using a PSR base offense level "to reflect the drug quantity that movant should be held accountable for as an addict." [*Id.*, numbered p. 13].

Thus, of the four grounds presented, three (Claims One, Three, and Four) are challenges to Petitioner's conviction and sentence, and the other (Claim Two) argues ineffective assistance of counsel. Liberally construing the motion, the facts presented in support of Petitioner's claims are the existence of an unspecified statute, unidentified errors in the PSR, and unspecified hearsay.

The United States timely responded to the motion on February 28, 2018. [Doc. 3]. Then, in April and October of that year, Petitioner moved for leave to file an untimely reply. [Docs. 5, 7]. She represented that there were "many discrepancies" [doc. 5] in the United States' response and sought permission "to file a response" [doc. 5], "to reply" [doc. 6], "to answer the government's objections" [doc. 7], and "to re-open her 2255" [doc. 7].

By order entered January 8, 2019, the Court granted Petitioner leave to file a reply brief within 30 days of the entry of that order. [Doc. 8]. The Court specified that, "Petitioner does not point explicitly to any factual disagreements but she alludes to 'many

5

discrepancies' contained in the government's response to which she would like to *reply*. .

. . Under these circumstances, the Court would find it helpful if Petitioner submitted a

*reply*, listing the 'discrepancies' or facts contained in the response with which she disagrees

and explaining the basis of her disagreement." [*Id.*] (emphasis added).[4]

Petitioner did not timely reply. Instead, on February 19, 2019, she moved for

another "short extension," explaining that she had "hired a law firm" to assist her "in filling

[sic] the necessary paperwork" that the Court had purportedly "asked" her to file in its

January 8 order. [Doc. 10]. Petitioner referred to that "paperwork" as "form 22-55." [*Id.*].

In deference to Petitioner's *pro se* status, the Court granted the motion on February

21, 2019, and allowed Petitioner an additional thirty days to file her reply. [Doc. 11].[5] The

Court also clarified for Petitioner that "[t]he docket sheet in this case reflects that Petitioner

is still proceeding pro se, does not show that any attorney who is authorized to practice

before this Court has filed a notice of appearance to represent her, and does not evince that

a reply has been filed." [*Id.*] (footnote omitted). The Court further cautioned that

"[a]ttorneys who seek to be admitted to appear pro hac vice in this Court must file an

application and pay a $90.00 fee." [*Id.*, n.2].

On February 27, 2019, the Court received another *pro se* request "for a short

extension in filing the necessary paperwork," which Petitioner again termed "form 22-55."

Doc. 12]. Petitioner again stated, "I hired a law firm to assist me in filing this paperwork."

---

[4] Plainly, the Court granted Petitioner leave to file a reply brief, and nothing more.

[5] Stressing the point, the Court's two-page order used the word "reply" **13** times.

[*Id.*].  This motion undoubtedly crossed in the mail with the Court's February 21 order and was denied as moot.  [Doc. 13].

On February 28, 2019, the Court received a typewritten document captioned "Reply to Government's Response in Opposition to Petitioner's Motion Filed Pursuant to 28 U.S.C. § 2255."  [Doc. 14].  That filing bears what is purportedly Petitioner's original signature.  The filing is also accompanied by a cover letter—again with what is purportedly Petitioner's original signature—stating that "I [the Petitioner] have sent it [the "reply"] to an outside source to mail it to you at this time."  Although captioned as a "Reply," the filing's narrative contains, by the Court's count, at least seven new claims of ineffective assistance of counsel.

Seven days later, another letter arrived in typewritten form—mailed by a "B. Evans" of Newark, Delaware, but purportedly from Petitioner.  [Doc. 15].[6]  In material part, the sender of that letter wrote that

> I must inform the court that as of 27 February 2019 the law firm who was previously representing me Leading Edge from Houston, Tx, is no longer my legal counsel.
>
> The court should ignore any document submitted by them on my behalf. . . .
>
> I will submit the necessary documents on my own by the deadline the court so graciously extended to me by the 21st of March 2019. . . .
>
> Please ignore the packet [the "updated" 2255] they sent last week.  This is not the documents I want to proceed with.

---

[6] The Court is not a handwriting expert but is nonetheless compelled to note that the signature on this letter could hardly be any more dissimilar to the signature on Petitioner's initial § 2255 motion.  [Doc. 15, p. 1; Doc. 1, numbered p. 13].

7

[*Id.*] (grammar as in original).

Lastly, on March 22, 2019 (postmarked March 18, 2019), Petitioner filed a 39-page "Response to Judge's Order Dated February 21, 2019 and Request to Amend 2255 Motion with Copy of Amended 2255 Motion Attached." [Doc. 16]. Therein, Petitioner alleges that the purported law firm that she hired is in fact "a fraudulent company" which "illegally filed" document 14 and "illegally signed her name." The Court's review of the March 22, 2019 filing discerns seven new claims of ineffective assistance of counsel.

1. Counsel was ineffective for failing to "argue sentencing disparity under *Booker*" (pertaining to a defendant from another case in this Court).

2. Counsel was ineffective for not obtaining a competency evaluation.

3. Counsel was ineffective for not objecting to the PSR's omission of a minor role adjustment under U.S.S.G. § 3B1.2(b).

4. Counsel was ineffective for failing to assert that Petitioner did not know a-PVP was a controlled substance.

5. Counsel was ineffective for failing to object that the guidelines' a-PVP-to-marijuana conversion rate is incorrect.

6. Counsel was ineffective for not challenging the United States' § 851 notice (again because a defendant in another case in this Court did not receive one).

7. Counsel was ineffective for not objecting to Petitioner's criminal history score as calculated in the PSR.

II.

*Authority and Standards of Review*

A. <u>Section 2255 Generally</u>

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating

9

allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

Claims other than those of ineffective assistance of counsel are procedurally defaulted if not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528; *see also Bousley*, 523 U.S. at 622-23. The hurdle a petitioner faces to overcome a procedural default is "intentionally high[,]…for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

## B. Ineffective Assistance of Counsel

When a § 2255 movant claims she was denied her Sixth Amendment right to effective assistance of counsel, a court must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). To meet that burden, a movant must prove that specific acts or omissions by her attorney were deficient and that the attorney failed to provide "reasonably effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), "[T]he constitutional right at issue

10

here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell*, 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance. *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). The prejudice test is modified in the context of a guilty plea— a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted). "Surmounting *Strickland*'s high bar is never an easy task . . . and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v.*

11

*United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

## C. Timeliness

As alluded to above, a federal prisoner has one year in which to file a § 2255 motion, including any amendments to the motion. 28 U.S.C. § 2255(f); *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing to § 2255, ¶ 6—now § 2255(f)—as providing a "one-year limitation period in which to file a motion to vacate a federal conviction"); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Any attempt to raise a new claim for relief in a Rule 15 motion to amend pleadings is subject to AEDPA's one-year statute of limitations."); *Oleson v. United States*, 27 F. App'x 566, 570 (6th Cir. 2001) ("Oleson's proposed amendment is subject to the § 2255 one-year statute of limitations affirmative defense.") (citing *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001)).

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap*, 250 F.3d at 1007. If equitable tolling does not save an untimely amendment, courts must then look to Federal Rule of Civil Procedure 15(c) to determine whether the proposed claim "relates back" to a timely, original pleading and is thus saved from being time barred by expiration of the statute of limitations. *Felix*, 545 U.S. at 656–57. In part, an amended claim relates back if it "ar[i]se[s] out of the [same] conduct, transaction, or occurrence set out or attempted to be set out in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

12

III.

*Discussion*

A. <u>Claim One</u>

Petitioner's first claim [doc. 1] alleges that the United States violated her Fifth Amendment rights by charging her with a conspiracy offense. According to Petitioner, an unidentified statute prohibits such a charge because "she was not with co-defendant long enough to be charged with a conspiracy." [*Id.*, numbered p. 5].[7]

As noted earlier, at page 11 of her plea agreement, Petitioner waived her right to file a motion to vacate, except as to claims of ineffective assistance and prosecutorial misconduct not known to her by the entry of judgment. It is well recognized that a party may waive a provision intended for her benefit in a contract or statute. *Shutte v. Thompson*, 82 U.S. 151, 151-52 (1872). Even fundamental constitutional rights may be waived, and the waiver is enforceable if it is made knowingly and voluntarily. "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Therefore, if Petitioner understood the terms of the plea agreement and made the waiver of her right to file a § 2255 motion voluntarily and knowingly, the waiver is valid and enforceable.

The Court finds that Petitioner knowingly and voluntarily entered into the waiver provision in her plea agreement. At the change of plea hearing, the Court confirmed that

---

[7] This claim does not primarily allege ineffective assistance of counsel. To the extent that this claim cursorily accuses counsel of "not address[ing] the statute as it relates to conspiracy," it is duplicative of Claim Two.

13

Petitioner understood her plea agreement's waiver of most of her appellate and § 2255 rights. [Case No. 2:14-CR-020, doc. 217, p. 14]. Thus, Claim One is barred by the waiver provision.

Even if this claim had not been waived, it has been procedurally defaulted. This is so because, notwithstanding the fact that the plea agreement contained a waiver of Petitioner's right to file a direct appeal of this issue, she still could have presented the claim on direct appeal but she did not. *See Bookwalter v. United States*, No. 2:14-CR-82, 2018 WL 2407525, at *3, 5 (E.D. Tenn. May 25, 2018) (finding that argument not raised on direct appeal was procedurally defaulted, even though the petitioner had waived his right to file an appeal in the plea agreement). No good cause, prejudice, or actual innocence has been alleged or shown to excuse this default. Petitioner's cursory statement that she was unaware of this claim until she "exercised due diligence." [Doc. 1, numbered p. 5] is insufficient.

In any event, Petitioner's first claim is without merit. She provides no citation to the statute which purportedly says that she was not "with" her co-defendant long enough to be charged with a conspiracy. In this case, Petitioner was properly charged under 28 U.S.C. §§ 841 (drug distribution) and 846 (conspiracy). The factual basis of her plea agreement chronicles Petitioner's involvement with multiple co-conspirators, over a period of 14 months, in the distribution of *kilograms* of a-PVP. For example, Petitioner admitted that in February 2013 she and co-conspirator Johnny Stallard were stopped for traffic violations while "on their way to meet *their* source of supply for a-PVP at the time they

14

were pulled over and that the $9,000.00 in their vehicle was to be used to buy a-PVP to be transported back to the Eastern District of Tennessee for further distribution." [Case No. 2:14-CR-020, doc. 80, p. 3] (emphasis added). Petitioner acknowledged that she and Stallard "often" made such trips. [*Id.*, p. 2]. In July 2013, Petitioner persuaded Stallard, who was in jail, to give her the contact information for their main supplier because "she was doing pretty big things." [*Id.*, p. 4]. In November 2013, Petitioner admitted selling a-PVP for two unindicted co-conspirators. [*Id.*, p. 4-5]. On the thirteenth of that month, Petitioner texted at least 22 people offering to sell a-PVP which she described as "fiiiire." [*Id.*, p. 5]. She admittedly supplied at least three co-conspirators with a-PVP. [*Id.*, doc. 6]. At her change of plea hearing, Petitioner affirmed under oath that these facts were correct. [Case No. 2:14-CR-020, doc. 217, p. 12].

In sum, Petitioner knowingly and voluntarily waived her right to file Claim One. Were that not the case, the claim has been procedurally defaulted. Were that not the case, the claim is without merit. Claim One will be denied.

## B. Claim Two

Next, Petitioner argues that counsel was ineffective for "fail[ing] to raise issues with the indictment charging movant with a conspiracy" and for "allow[ing] movant to be sentenced in direct contradiction to the law." [Doc. 1, numbered p. 6]. As just noted, Petitioner does not identify any statute or law which would render her unlawfully charged. Moreover, she admitted under oath a wealth of criminal conduct to support her conspiracy conviction. Because Petitioner's underlying premise is meritless, her attorneys did not

15

render deficient performance by failing to advance it. *See, e.g., Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) (no constitutional deficiency in failing to raise meritless issues). No prejudice ensues from a failure to make a groundless objection. *See, e.g., Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (explaining that counsel cannot be held constitutionally ineffective for failing to pursue a meritless claim or raise a meritless objection); *United States v. Fry*, 831 F.2d 664, 669 (6th Cir. 1987) (failure to raise a meritless objection at sentencing not ineffective assistance).

For these reasons, Claim Two will be denied.

## C. Claim Three

By her third claim, Petitioner asserts that the Court erred by relying on a PSR which contained an incorrect base offense level and an incorrect advisory guideline range. [Doc. 1, numbered p. 7]. For the same reasons provided in the Court's discussion of Claim One, this claim is both waived and procedurally defaulted.

Moreover, Claim Three is factually unsupported. When a movant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

For all these reasons, Claim Three will be denied.

16

### D. Claim Four

By her fourth and final claim, Petitioner faults the Court for sentencing her based on unspecified hearsay and "information not found by a jury." [Doc. 1, numbered p. 9]. As with Claims One and Three, this claim is both waived and procedurally defaulted.

The claim is also without merit. District courts can consider hearsay evidence at sentencing. *See* Fed. R. Evid. 1101(d)(3). To the extent Petitioner may be arguing that her maximum possible sentence was improperly enhanced in this case based on "information not found by a jury," she is incorrect. In *Apprendi v. New Jersey*, the Supreme Court held that facts which increase a crime's penalty beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt, with the exception of prior convictions. *Apprendi*, 530 U.S. 466, 490 (2000). In this case, Petitioner's statutory maximum sentence under 21 U.S.C. § 841(b)(1)(C) was enhanced from 20 to 30 years based on a prior conviction and a properly filed § 851 notice. Pursuant to *Apprendi*, that is perfectly constitutional. Moreover, Petitioner's 151-month sentence is less than the statutory maximum sentence of 20 years (unenhanced) or 30 years (properly enhanced). Petitioner would therefore be unable to show prejudice.

Claim Four will be denied.

### E. February 28, 2019 "Reply"

The "Reply to Government's Response in Opposition to Petitioner's Motion Filed Pursuant to 28 U.S.C. § 2255" [doc. 14] and its aftermath [docs. 15, 16] are sufficiently discussed earlier in this opinion. To briefly recap, although styled a "Reply," document 14

discusses at least seven previously unmentioned claims of ineffective assistance of counsel. Petitioner subsequently informed the Court that document 14 was "illegally filed" by a "fraudulent company" which "illegally signed her name." [Doc. 16]. Accordingly, and consistent with Petitioner's wishes, the merits of document 14 will not be considered by the Court.

## F. Motion to Amend

Lastly, the Court turns to Petitioner's March 2019 "Response to Judge's Order Dated February 21, 2019 and Request to Amend 2255 Motion with Copy of Amended 2255 Motion Attached." [Doc. 16]. As discussed above, in the proposed amendment the Court discerns seven new claims of ineffective assistance of counsel.

1. Counsel was ineffective for failing to "argue sentencing disparity under *Booker*" (pertaining to a defendant from another case in this Court).

2. Counsel was ineffective for not obtaining a competency evaluation.

3. Counsel was ineffective for not objecting to the PSR's omission of a minor role adjustment under U.S.S.G. § 3B1.2(b).

4. Counsel was ineffective for failing to assert that Petitioner did not know a-PVP was a controlled substance.

5. Counsel was ineffective for failing to object that the guidelines' a-PVP-to-marijuana conversion rate is incorrect.

6. Counsel was ineffective for not challenging the United States' § 851 notice (again because a defendant in another case in this Court did not receive one).

7. Counsel was ineffective for not objecting to Petitioner's criminal history score as calculated in the PSR.

Petitioner's motion is untimely and will be denied as such. As already alluded to, a federal prisoner has one year in which to file a § 2255 motion, including any amendments. 28 U.S.C. § 2255(f); *Mayle v. Felix*, 545 U.S. 644, 654, 662 (2005); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

Section 2255(f)'s one-year statute of limitations on all petitions for collateral relief under § 2255 runs from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). These same provisions govern the timeliness of later-filed amendments. *Felix*, 545 U.S. at 654, 662.

Petitioner has failed to demonstrate that subsections (f)(2), (f)(3), or (f)(4) of § 2255 apply. Specifically, she has not established (or even credibly argued): that any illegal action by the government prevented her from timely presenting her amendment; that a pertinent right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or that facts exist affecting her case that could not

have previously been discovered.[8]

Timeliness of Petitioner's proposed amendment therefore depends on whether her submission complied with subsection (f)(1) of § 2255, under which the amendment would have been due no later than one year after the date on which her judgment of conviction became final. As the Court observed in footnote two of this opinion, the Sixth Circuit Court of Appeals denied Petitioner's appeal on December 19, 2016. She did not seek a writ of certiorari in the Supreme Court although she had ninety days to do so. *See* 28 U.S.C. § 2101(c); Sup. Ct. R 13(1). Thus, according to the Court's calculations, the one-year time limit for filing a § 2255 motion in this case, adding the ninety days for filing a certiorari petition, expired on Tuesday, March 20, 2018. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the ninety-day period for seeking a writ of certiorari expires).

Petitioner's proposed amendment was not postmarked until March 18, 2019. Her failure to submit the amendment until almost one year after the expiration of the statute of limitation means that the proposed collateral challenges therein are untimely under subsection (f)(1). As a result, her amendment will not be considered absent tolling of the limitations period or relation back to a timely-filed claim in the original petition.

---

[8] On that last point (28 U.S.C. § 2255(f)(4)), Petitioner's cursory statement in her original motion that she was unaware of a claim until she "exercised due diligence." [Doc. 1, numbered p. 5] is again entirely insufficient. Nor could one credibly place blame upon Petitioner's erstwhile "law firm." Nothing in the record evidences contact between Petitioner and that entity until long after the one-year statute of limitations had expired.

As mentioned above, section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). Equitable tolling is used sparingly, and petitioners bear the burden of establishing that it applies to their case. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (citation omitted).

After review of the proposed amendment, the Court concludes that Petitioner has failed to put forth a single extraordinary circumstance justifying the failure to submit her proposed challenge within the window permitted by subsection (f)(1). *Compare Stovall v. United States*, Nos. 1:12-cv-377, 1:02-cr-32, 2013 WL 392467, at *3 (E.D. Tenn. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to illness and multiple detention transfers). In the present case, Petitioner's evidence of emails between her and the "law firm" commencing in January 2019 [doc. 16] in no way carries the day.

Petitioner's last option to save her untimely amendment is the relation back doctrine. As noted, when an amendment is untimely, courts look to Federal Rule of Civil Procedure 15(c) to determine whether the proposed claim "relates back" to a timely, original pleading and is thus saved from being time barred by expiration of the statute of limitations. *Felix*, 545 U.S. at 656–57. An amended claim relates back if it "ar[i]se[s] out of the [same] conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

The Supreme Court has rejected a broad reading of "conduct, transaction, or occurrence" in the context of post-conviction relief and explained an amended petition will not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Felix*, 545 U.S. at 650. In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 658 (citations omitted).

No facts similar in type to the seven newly-proposed claims were raised in the § 2255 motion. A review of the original § 2255 petition shows that the following facts were alleged: (1) an unidentified statute immunized Petitioner from prosecution as a conspirator; (2) the base offense level and advisory guideline range in the PSR were inaccurate; and (3) hearsay was improperly relied upon by the Court at sentencing.

True, the initial motion to vacate alleged claims of ineffective assistance of counsel. Nonetheless, the attorney missteps now alleged are not similar in type to the shortcomings asserted in that pleading. *See United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005)

22

(finding that Rule 15 is not satisfied "merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance").

Nor are the new and original claims similar in type merely because they both relate primarily to Petitioner's sentencing. "If claims asserted after the one-year period could be revived simply because they relate to the same . . . sentence as a timely filed claim, AEDPA's limitation period would have slim significance. *Felix*, 545 U.S. at 662; *accord Wright v. United States*, Case Nos. 2:16-cr-59, 18-cv-120, 2019 WL 6649113, at *1-2 (S.D. Ohio Dec. 6, 2019) (proposed new claims did not relate back to original motion even though both alleged ineffective assistance of counsel at the plea stage).

Because the proposed amended claims in this case do not share "a common core of operative facts" with the claims raised initially, Petitioner's newly minted claims do not relate back to the timely ones in her motion to vacate. The motion to amend will therefore be denied.

One final note. In deference to Petitioner's *pro se* status, the Court recognizes that Petitioner *could have* specifically argued (but did not) that her third, fifth, and seventh proposed claims (as numbered by the Court) were similar in time and type to her original Claim Two. That original claim stated in part that counsel was ineffective when he "allowed movant to be sentenced in direct contradiction to the law." Elsewhere in the original motion, Petitioner alleged that her advisory guideline range was inaccurate.

One *could have* argued (but, again, Petitioner did not, nor would the Court have accepted the argument) that the third, fifth, and seventh proposed claims (ineffective assistance for not objecting to minor role, the a-PVP-to-marijuana conversion rate, and criminal history score) are similar in time and type to the original factual allegation that Petitioner was sentenced in contradiction to the law due to an inaccurate guideline range. Even if Petitioner had successfully raised that hypothetical argument, her third, fifth, and seventh claims would have failed on their merits.

If counsel had obtained a minor role adjustment under U.S.S.G. § 3G1.2(b), the guideline range would have remained the same. Petitioner's base offense level of 34 was due to her status as a career offender. [Case No. 2:14-CR-020, doc. 121, ¶ 32]. Since the career offender base offense level was higher than the base offense level of 32 calculated under guideline chapters two and three [*Id.*, ¶ 26], the career offender offense level applied. *See* U.S.S.G. 4B1.1(b). Minor role is a chapter three adjustment so it does not apply to the career offender offense level table in chapter four. *See* U.S.S.G. § 1B1.1(a)(6). Even if counsel had successfully obtained a minor role adjustment to the chapter two/three offense level calculation (thereby reducing the chapter two/three base offense level to 30), the higher career offender base offense level would still have applied. *See* U.S.S.G. 4B1(b). Stated differently, with or without a minor role adjustment Petitioner's offense level would have been the same. Counsel's omission of a futile PSR objection is not constitutionally ineffective performance. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

Next, Petitioner's proposed claim pertaining to drug equivalency is unexplained, unsupported, and therefore waived. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted).

Finally, Petitioner's desired objections to her criminal history score would not have impacted her guideline range. Printouts appended to the proposed amendment indicate Petitioner's belief that she should not have received criminal history points for the drug paraphernalia charges in paragraphs 42, 51, and 52 of the PSR. As with minor role, this issue is of no import because her criminal history category would still have been VI. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Again, the failure to raise a futile PSR objection is not constitutionally ineffective. *See Harris*, 204 F.3d at 683.

IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**. Her motion to amend [doc. 16] will be **DENIED**.

V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated

25

a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:


_____s/ Leon Jordan_____
United States District Judge